UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL CONWAY, ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | Case No. 4:13-CV-1821 (CEJ) |
| ) | |
| SPECIFIED CREDIT ASSN. 1, INC. and ) | |
| MICHAEL VARADY, ) | |
| ) | |
| Defendants. ) | |

**MEMORANDUM AND ORDER**

This matter is before the Court on plaintiff's motion to disqualify defense counsel, Dennis J. Barton, III. Defendants have filed a response in opposition. Plaintiff has also filed a motion for ruling on her disqualification motion.

**I.   Background**

Plaintiff Crystal Conway initiated this action in the Circuit Court of St. Charles County, Missouri, claiming that the defendants violated provisions of the Fair Debt Collection Practices Act, 15 U.S.C. §§ 1692 *et seq.* On September 16, 2013, plaintiff dismissed her state court action and refiled it in this district court. On September 26, 2013, defendant made an offer of judgment, which plaintiff accepted on October 3, 2013. [Doc. #5]. On October 4, 2013, plaintiff filed the instant motion for disqualification of defense counsel, asserting that Barton violated the Missouri Rules of Professional Conduct.

**II.   Legal Standard**

Attorney disqualification is committed to the discretion of the court. Jenkins v. State of Missouri, 931 F.2d 470, 484 (8th Cir. 1991). "Because of the potential for abuse by opposing counsel, disqualification motions should be subjected to particularly

strict scrutiny." <u>Macheca Transp. Co. v. Philadelphia Indem. Co.</u>, 463 F.3d 827, 833 (8th Cir. 2006) (internal quotation and citation omitted). "A party's right to select its own counsel is an important public right and a vital freedom that should be preserved; the extreme measure of disqualifying a party's counsel of choice should be imposed only when absolutely necessary." <u>Id.</u> (citations omitted). "Disqualification is appropriate where an attorney's conduct threatens to work a continuing taint on the litigation and trial." <u>Gifford v. Target Corp.</u>, 723 F. Supp. 2d 1110, 1116 (D. Minn. 2010) (citation omitted). Factors to be considered include a court's "duty to maintain public confidence in the legal profession and its duty to insure the integrity of the judicial proceedings." <u>Id.</u> at 1116-17 (citation omitted).

### III.  Discussion

Plaintiff first claims that defense counsel Barton violated Rule 4-4.2 of the Missouri Rules of Professional Conduct by contacting her without her attorney's consent. Rule 4-4.2 provides that a lawyer representing a client

> shall not communicate about the subject of the representation with a person the lawyer knows to be represented by another lawyer in the matter, unless the lawyer has the consent of the other lawyer or is authorized to do so by law or a court order.

Mo. S. Ct. R. 4-4.2.

On September 6, 2013, while this matter was still pending in state court, Mr. Barton's law firm sent a letter to plaintiff at her home address. The letter sought collection of a debt owed to Title Loan Company. Because Title Loan Company is not a party to this lawsuit, Mr. Barton argues that his firm's contact with plaintiff was not improper. However, documents produced in the state court action establish that the September 6 letter was an attempt to collect the same debt that is the subject of this lawsuit. <u>See</u> Doc. #10-1. It goes without question that an attorney's unauthorized

communication with another attorney's client is inappropriate.  Despite the impropriety of the communication in this case, plaintiff accepted defendant's offer of judgment---all but concluding the litigation---and plaintiff did not suffer any prejudice.  The court concludes that Mr. Barton's conduct does not warrant disqualification.

Plaintiff next argues that Mr. Barton should be disqualified due to a conflict of interest.  Plaintiff alleges that Mr. Barton represents her in a class action he filed in state court against her current attorneys.  <u>Mack v. The Eason Law Firm, LLC</u>, No. 1322-CC9332.  She argues that Rule 4-1.7 of the Missouri Rules of Professional Conduct prohibits Mr. Barton from representing the defendants in this case.

Rule 4-1.7(a) prohibits a lawyer from representing a client when the representation "involves a concurrent conflict of interest," which exists when the representation of one client is directly adverse to the interests of another client or when there is "a significant risk that the representation of one or more clients will be materially limited by the lawyer's responsibilities to another client . . ." Mo.S.Ct.R. 4-1.7(a).  Relevant to the issues here, Comment 25 to Rule 4-1.7 provides:

> When a lawyer represents or seeks to represent a class of plaintiffs or defendants in a class-action lawsuit, <u>unnamed members of the class are ordinarily not considered to be clients of the lawyer for purposes of applying Rule 1.7(a)(1)</u>.  Thus, the lawyer does not typically need to get the consent of such a person before representing a client suing the person in an unrelated matter.

Cmt. 25, Mo. S. Ct. R. 4-1.7 (emphasis added).

No class has been certified in the <u>Mack</u> case and, thus, Mr. Barton in not plaintiff's  lawyer in that case. Mr. Barton does not have a conflict of interest arising from the <u>Mack</u> litigation.  See <u>Hopper v. Consumer Adjustment Co., Inc.</u>, No. 4:13CV1840 (RWS) Memorandum and Order (E.D. Mo. Oct. 18, 2003) (denying motion to disqualify).

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion to disqualify [Doc. #6] is **denied**.

**IT IS FURTHER ORDERED** that plaintiff's motion for ruling [Doc. #7] is **moot**.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 25th day of October, 2013.