UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| CRYSTAL CONWAY, )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>SPECIFIED CREDIT ASSN. 1, INC., and )<br>MICHAEL VARADY, )<br>)<br>Defendants. ) | Case No. 4:13-CV-1821 (CEJ) |

## MEMORANDUM AND ORDER

This matter is before the Court on plaintiff's motion for award of damages and attorney's fees and costs. Defendants have filed a response in opposition and the issues are fully briefed. In addition, defendants have filed a motion for leave to file a sur-reply and plaintiff has filed a motion for oral argument on her request for fees.

I.  **Background**

Plaintiff Crystal Conway filed suit in the Circuit Court of St. Charles County, Missouri, claiming that the defendants violated provisions of the Fair Debt Collection Practices Act (FDCPA), 15 U.S.C. §§ 1692 *et seq*. On September 16, 2013, plaintiff dismissed her state court action and refiled her FDCPA claims in this district court.

On September 29, 2013, defendants made an offer of judgment premised on Fed. R. Civ. P. 68. The offer stated, in relevant part:

(1)  Judgment shall be entered in the total amount of Two Thousand One Dollars and Zero Cents ($2,001.00) as against Defendants and in favor of Plaintiff;

(2)  In addition, Plaintiff's reasonable court costs and reasonable legal expenses, including reasonabl[e] attorney fees now accrued specifically in connection with Plaintiff's prosecution of her claims against Defendants <u>in the above-referenced suit</u> are to be added to the judgment as against Defendants in an amount to be determined by the Court upon motion by

> Plaintiff if attorneys for Plaintiff and Defendants cannot otherwise agree to an amount. Doc. #5-1 (emphasis added).

The offer bore the caption of the federal court case; it contained no mention of the state court case.

Plaintiff accepted the offer of judgment on October 3, 2013. She now seeks an award of $2,001.00 in damages, $12,091.50 in attorney's fees, and $450.00 in costs. Defendants consent to plaintiff's request for damages and costs and judgment will be entered in the requested amounts. Defendants challenge plaintiff's request for attorney's fees as excessive.

II. Discussion

Plaintiff requests oral argument so that she can "better explain her position regarding the import of the words used in Defendants' Offer of Judgment." This case requires the application of contract principles. See Radecki v. Amoco Oil Co., 858 F.2d 397, 399 (8th Cir. 1988). Plaintiff does not argue that the offer of judgment or her offer of acceptance were ambiguous or that there was not a meeting of the minds, and the Court does not believe that oral argument is necessary to resolve the issues.

The FDCPA awards to a prevailing plaintiff "the costs of the action, together with a reasonable attorney's fee as determined by the court." 15 U.S.C. § 1692k(a)(3). The well-established standard for assessing attorney's fees is the lodestar method, which determines the number of hours reasonably expended on the subject matter multiplied by a reasonable hourly rate. Hensley v. Eckerhart, 461 U.S. 424, 433-34 (1983). The reasonableness of the hourly rate is determined by looking at the prevailing hourly rates charged by attorneys in the relevant community. Blum v. Stenson, 465 U.S. 886, 895 (1984).

A. Hourly Rate

Plaintiff was represented by attorneys Richard A. Voytas, Jr., and Nathan Kennedy Bader.  She seeks to recover fees based on a rate of $305 per hour for Mr. Voytas and $195 per hour for Mr. Bader.  In an affidavit submitted in support of the fee request, Mr. Voytas states that he has practiced consumer litigation law in numerous state and federal courts in Missouri, Illinois, Michigan, and North Carolina since 2002.  Plaintiff submits the affidavit of local attorney Eric M. Trelz who states that $305 is a reasonable hourly rate for consumer litigation handled by an attorney with the experience, reputation, and ability of Mr. Voytas.  Mr. Bader is an associate with "slightly more than one year of experience [who] participated in de minimis fashion on this case."  Memorandum at 6 n.2 [Doc. #12].  Plaintiff asserts that the average hourly rate in the Midwest for an attorney of Mr. Bader's experience is $287, significantly more than the $195 hourly rate sought here.  Id. (citing 2010-2011 U.S. Consumer Law Survey 21) [Doc. #12-4].

Defendants argue that an hourly rate of $305 for Mr. Voytas is excessive.  They note that, in August 2012 and February 2013, courts in this district awarded Mr. Voytas $295 per hour for his work in FDCPA cases.  See Velez v. Crown Holdings, LLC, No. 4:12CV318 NAB, Memorandum and Order (E.D. Mo. Aug. 3, 2012); Ploch v. MRS BRO, LLC, No. 4:12CV534 FRB, Memorandum and Order (E.D. Mo. Feb. 25, 2013).  Plaintiff asserts that the increased fee sought by Mr. Voytas in this matter is justified by his greater experience and inflationary pressures.  While the passage of time typically results in increased hourly rates, only a few months have elapsed and an increase is not warranted.  Plaintiff also notes that, in 2011, Mr. Voytas was awarded $275 per hour for a case resolved through default judgment.  She argues that a higher hourly rate is justified by the greater difficulty of resolving a case through litigation.  The ease

or difficulty with which a case is managed should have bearing on which attorney in a firm performs the work or the number of hours expended, but the Court does not believe that this is an adequate basis for increasing the hourly rate. Based on its experience and knowledge, the Court finds that the appropriate hourly rate for work performed by Mr. Voytas is $295. As for Mr. Bader, all the work he performed on plaintiff's behalf occurred in the state court action. As discussed below, this work is outside the scope of the offer of judgment accepted by plaintiff.

B.   Hours Expended

Plaintiff's attorneys seek an award for 41.3 hours of work expended in resolving her FDCPA claims. Only 3.5 of those hours were expended in the action filed in this court. The offer of judgment provided for "reasonabl[e] attorney fees now accrued specifically in connection with Plaintiff's prosecution of her claims against Defendants in the above-referenced suit." The defendants argue that this language excludes fees incurred in the state court action.

An offer of judgment is generally treated as an offer to make a contract. Hennessy v. Daniels Law Office, 270 F.3d 551, 553 (8th Cir. 2001). "When an offer of judgment unambiguously limits recovery of attorney's fees, courts should honor that limitation." Stephens v. Cirrincione, No. 11 C 6354, 2012 WL 2872448, at *3 (N.D.Ill. July 11, 2012). See also Guerrero v. Cummings, 70 F.3d 1111, 1113 (9th Cir. 1995) (plaintiffs' acceptance of offer unambiguously waived attorney's fees incurred after offer where plain language of offer limits attorney's fees to those accrued prior to the date of the offer); Bratton v. Thomas Law Firm, PC, 943 F. Supp. 2d 897, 910 (N.D. Ind. 2013) (disallowing fees incurred after offer of judgment where plaintiff

"unambiguously agreed to limit his recovery of attorneys' fees" as of the date of the offer).

Plaintiff argues that she is entitled to fees incurred in state court because the court awarded such fees in the Velez and Ploch cases. Those cases are distinguishable. First, the Velez and Ploch cases were removed to the federal court while plaintiff in this case voluntarily dismissed her state court action and refiled it here. Plaintiff argues that the state court and federal court actions are not different lawsuits because she asserted the same claims in both. This argument does not take into account the fact that voluntary dismissals have consequences. See Rule 41(d) (plaintiff may be ordered to pay costs of previously dismissed action as condition for bringing same claim against same defendant). Second, the offers of judgment in Velez and Ploch did not purport to limit fees to those incurred only in federal court. See Doc. #16-1, Velez, No. 4:12CV318 (offer includes "reasonable attorneys' fees and costs incurred by Plaintiff to date"); Doc. #10-1, Ploch, No. 4:12CV534 (offer includes "an amount for reasonable costs and attorneys' fees incurred through the date of this Offer of Judgment").

Plaintiff cites Kapoor v. Rosenthal, 269 F. Supp. 2d 408 (S.D.N.Y. 2003) to support her claim that she is entitled to fees incurred in the state court action. Plaintiff's reliance on Kapoor is misplaced. Contrary to plaintiff's assertion, the court in Kapoor rejected most of the attorneys' fees requested for reviewing a state court action as not "reasonably necessary" to further the litigation. Id. at 414. In addition, the opinion in Kapoor does not quote the language of the offer of judgment. Id. at 411 (stating only that defendant made "a Rule 68 offer of judgment for the sum of $1,000, plus reasonable attorney's fees").

Defendants' offer of judgment unambiguously included reasonable attorney's fees accrued in the federal court action. Plaintiff accepted that offer and cannot recover fees incurred in connection with the previous state court action. Plaintiff will be awarded fees at the hourly rate of $295 for 3.5 hours, for a total of $1,032.50.

Accordingly,

**IT IS HEREBY ORDERED** that plaintiff's motion for an award of damages and attorney's fees and expenses [Doc #12] is **granted in part**.

**IT IS FURTHER ORDERED** that defendants' motion for leave to file a sur-reply [Doc. #18] is **granted**.

**IT IS FURTHER ORDERED** that plaintiff's motion for oral argument [Doc. #19] is **denied**.

A separate judgment in accordance with this Memorandum and Order will be entered.

_____
CAROL E. JACKSON
UNITED STATES DISTRICT JUDGE

Dated this 7th day of January, 2014.